UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE CO., AS SUBROGEE OF MOLINE SCHOOL DISTRICT NO. 40,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDT CONSTRUCTION CO.,<br><br>    Defendant. | Case No. 4:11-cv-4050-SLD-JAG |

## ORDER

### I.  INTRODUCTION

This action was filed by Hanover Insurance Co. ("Hanover") against Brandt Construction Co. ("Brandt") seeking damages allegedly incurred when a school in Moline School District No. 40 ("Moline") was flooded on July 5, 2007. Hanover alleges jurisdiction in this Court on the basis of diversity pursuant to 28 U.S.C. § 1332. Presently before the Court is Brandt's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement. (Brandt's Mot., ECF No. 8.)

Based on the presently asserted facts and for the reasons set forth below, the Court finds that Moline appears to be a real party in interest to the case and should be a named party-plaintiff. Since Brandt and Moline are both citizens of the state of Illinois, Moline's inclusion destroys the diversity-based subject matter jurisdiction of this Court. The Court therefore GRANTS Brandt's request for dismissal. However, the Court finds that Hanover may be able to remedy the apparent jurisdictional flaw. Accordingly, the Court GRANTS Hanover leave to file an amended complaint that complies with this Order by January 11, 2012. Brandt's alternative request for a more definite statement is deemed moot.

II.   BACKGROUND

Hanover, a Massachusetts corporation with its principal place of business in Massachussetts, filed the present action on its own behalf and is the only named Plaintiff. The Complaint imprecisely alleges that Hanover insured Moline, of Illinois, and "was obligated to and did, in fact, pay over $300,000 to or on behalf of Moline" for the flooding damage. (Compl. ¶ 15.)  By making the "over $300,000" payment, Hanover contends that it has been "subrogated to all rights, claims and causes of action that [Moline] may have against Defendant Brandt," an Illinois corporation with its principal place of business in Illinois, and who Hanover alleges negligently caused the flooding. (Compl. ¶ 16.)

The Complaint also imprecisely requests damages "in an amount exceeding three hundred thousand dollars ($300,000)." (Compl. at 5.)  From the vague assertions, the Complaint is unclear whether Hanover is seeking damages in an amount in excess of what it actually paid Moline under the insurance policy—i.e., whether Hanover is seeking damages in excess of the subrogated amount.

Brandt responded to the Complaint with a Rule 12 motion seeking dismissal or, in the alternative, a more definite statement regarding damages.  Specifically, Brandt argues that "Plaintiff should be required to allege whether a deductible was paid and whether the damages sought or could be sought are in excess of the amount paid by Plaintiff." (Brandt's Mot. ¶ 8, ECF No. 8.)  Brandt claims that specificity regarding damages is necessary because if a deductible was paid by Moline or if damages that are sought or could be sought by Hanover are in excess of the amount paid to Moline, then Moline is a real party in interest and must be included as a Plaintiff in the action. (*See* Brandt's Mem. of Law in Supp. of Mot. at 3-4, ECF No. 9.)  Moline's inclusion, however, would destroy diversity as Moline and Brandt are both

2

citizens of the state of Illinois. Brandt therefore concludes that the Court must dismiss the Complaint for lack of diversity-based subject matter jurisdiction.

Hanover opposes the motion on two separate grounds and provides additional specificity regarding the damages it is seeking from Brandt. (*See* Hanover's Resp. to Mot. to Dismiss, ECF No. 11.) First, Hanover contends that Moline has no interest in the action. (*Id.* at 3-4.) According to the opposition, Hanover paid Moline $346,317.77 under the insurance policy, an amount equal to Moline's total damages ($371,317.77) less a $25,000 deductible. (*See Id.* Ex. A.) The opposition further admits that Hanover intends to seek damages in excess of the amount it paid to Moline, including damages for the $25,000 deductible incurred by Moline. Hanover argues that it is entitled to damages beyond those it paid to Moline, including the deductible, based on an assertion that Moline assigned all of its rights to any interest in the present suit to Hanover. To support this position, Hanover submitted a document entitled "Release and Subrogation Receipt." (*Id.* Ex. B.) Hanover contends that the "Release and Subrogation Receipt" results in a complete forfeiture by Moline of any independent rights it may otherwise have had to seek damages from Brandt, including forfeiting its right to seek damages from Brandt for the $25,000 deductible.

Second, Hanover argues that Brandt's motion is technically deficient. (*See id.* at 5.) On this count, Hanover argues that it would be improper for the Court to join Moline to this case on the sole basis that it is a "real party in interest" under Rule 17. Rather, Hanover alleges that any consideration of Moline's inclusion as a party-plaintiff must be analyzed under the law governing joinder pursuant to Federal Rule of Civil Procedure 19.

III.  DISCUSSION

Federal Rule of Civil Procedure 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest."  Whether a party is a "real party in interest" in a diversity action is determined by state substantive law.  *Cars R Us Sales and Rentals, Inc. v. Ford Motor Co.*, No. 08 C 50270, 2009 WL 1703123, at *2 (N.D. Ill. June 18, 2009) (citing *Carpetland, U.S.A. v. J.L. Alder Roofing, Inc.*, 107 F.R.D. 357, 359 (N.D. Ill. 1985)).  For disputes arising under Illinois state law, an insurer obtains "ownership" in a claim and is a "real party in interest" to the extent of the insurer's subrogation rights—*i.e.*, to the extent an insurer has reimbursed the insured for a loss.  *Id.*  See also *Cada v. Costa Line, Inc.*, 93 F.R.D. 95, 101 (N.D. Ill. 1981) ("Any insurer that has made payment to its insured is subrogated pro tanto to its insured's claim—simply a fancy legalism for standing in the insured's shoes.").

An insurer that has paid the entire claim of its insured is completely subrogated to the claim.  In such instances, the insurer can sue to recover the full amount of the insured's loss in its own name since the completely subrogated insurer is the only real party in interest under Rule 17.  *See Krueger v. Cartwright*, 996 F.2d 928, 931-32 (7th Cir. 1993) (citing *United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366, 380-81, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949)).  But an insurer that has only paid part of the loss is only partially subrogated to the insured's substantive right of recovery.  *Id.* at 932.  In the partial subrogation context, "both insured and the insurer 'own' portions of the substantive right and should appear in the litigation in their own names." *Id*. (quoting *Aetna*, 338 U.S. at 381, 70 S.Ct. at 215-16).  Thus, if the insured retains a monetary interest in the loss, such as when the insured pays a deductible, both the insurer and insured are real parties in interest under Rule 17.  *See Cars R Us*, 2009 WL 1703123, at *2 ("If an insured-subrogor retains a pecuniary interest, even for only a nominal sum over and above the

4

subrogation claims, both the subrogor and the subrogee are real parties in interest.") (citations omitted); *State Sec. Ins. Co. v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 95, 97-98 (N.D. Ill. 1985) ("If [an insurer] has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest.") (quoting *Aetna*, 338 U.S. at 380-81); 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Fed. Prac. & Proc. Civ. § 1546 (3d ed. 2011) (partial subrogation occurs when the loss exceeds the coverage or when the insurance policy contains a deductible paid by the insured).

Here, Hanover is only partially subrogated to Moline's potential claim against Brandt. Hanover's opposition admits that Moline was not paid for its entire loss, as Moline itself paid the $25,000 deductible. Yet, Hanover is nevertheless seeking to recover damages from Brandt in excess of $346,317.77 to which it is subrogated, including the $25,000 deductible. Thus, under the principles of partial subrogation, Moline remains a real party in interest to the lawsuit, at least to the extent of the deductible, and its citizenship is relevant to a determination of this Court's diversity-based jurisdiction. *See Fed. Ins. Co. v. Your Homework, Inc.*, 280 F. Supp. 2d 844, 845 (N.D. Ill. 2003) (where an insured's policy includes a deductible or the partially subrogated insurer seeks damages beyond the amount it actually paid under the insurance agreement, the insured is a real party in interest to the suit and insured's citizenship becomes relevant to a determination of diversity jurisdiction); *In re The Chicago Flood*, No. 93 C 1214, 1993 WL 116756, at *1 (N.D. Ill. April 15, 1993) ("the insured-subrogor, to the extent that it has not been compensated for damages by its insurer, may bring an action to recover the damages . . . [accordingly], an action may involve two real parties in interest if, for example, there has been partial subrogation of the claims") (citations omitted).

While Hanover cannot rely on subrogation to overcome Brandt's motion, that does not resolve the issue of dismissal. Hanover further argues that Moline contractually assigned all of its non-subrogated substantive rights to Hanover, including the right to recover the deductible, thereby removing Moline as a real party in interest to this suit. (Hanover's Resp. to Mot. to Dismiss at 3-4, ECF No. 11.) Hanover relies on *Nationwide Agribusiness Ins. Co. v. Tweet/Garot Mech., Inc.*, No. 04-C0673, 2005 WL 2076672 (E.D. Wis. Aug. 23, 2005) to support this contention. In *Nationwide*, the District Court for the Eastern District of Wisconsin held that an insured is not a necessary party to a lawsuit where the insured entered a complete and total contractual assignment of all recovery rights (expressly including the deductible) to an insurer. *Nationwide*, 2005 WL 2076672, at *4-5. Under the circumstances of a complete assignment, the *Nationwide* court denied a motion to dismiss for failure to join the insured as a real party in interest that would have otherwise destroyed diversity jurisdiction. *Id.* at *6.

Here, contrary to *Nationwide*, it does not appear that Moline totally and completely assigned all its claims to Hanover. First, the Release and Subrogation Receipt between Moline and Hanover does not include an express assignment of the deductible. (Hanover's Resp. to Mot. to Dismiss Ex. B, ECF No. 11.) Rather, under a plain reading, the Release and Subrogation Receipt appears to merely memorialize Hanover's subrogation rights regarding the $346,317.77 it paid to Moline. (*Id.* ("*to the extent of said payment* the undersigned *hereby subrogates* said company [Hanover], to all of the rights, claims and interest which the undersigned may have had against any party, person, persons, property or corporation liable *for the loss mentioned above* [of $346,377.17] . . .") (emphasis added).) Second, though contractual assignments are interpreted based on the intention of the parties, Hanover has not provided any evidence that indicates Moline intended the Release and Subrogation Receipt to go beyond its plain language

6

and include the deductible or any additional non-subrogated rights. *See Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 604 (7th Cir. 2001) ("if the contract language is clear and unambiguous, the parties' intent must be ascertained exclusively from the plain language of the contract as a matter of law"). The evidence before the Court simply does not establish Hanover's contention that "the Assignment extinguished Moline's interest in recovery of the deductible" and *Nationwide* is therefore inapposite.

Hanover additionally argues that Brandt's motion is technically deficient. Hanover contends that Moline's citizenship can only be relevant to the issue of diversity under a motion for joinder pursuant to Federal Rule of Civil Procedure 19. The Court disagrees.

As a threshold technical issue, it bears noting that the dispute regarding Moline's joinder at this point of the litigation derives, at least in part, from the fact that Hanover is seeking damages in excess of those to which it is subrogated. On the present record, these non-subrogated damages belong to Moline. *See, e.g.*, *Warner/Elektra/Atlantic Corp. v. Village of Bensonville, Illinois*, No. 83 C 8230, 1989 WL 91773, at *2 (N.D. Ill. Aug. 4, 1989) ("Under Illinois law, the subrogee-insurer has a substantive right to reimbursement *for the amount it has been obliged to pay under its policy*.") (citing *Blatz v. City of Rock Falls*, 105 Ill. App. 3d 732, 734 (3d Dist. 1982)) (emphasis added). As such, the Complaint can only be construed as having been brought by Hanover either (1) on behalf of both Hanover and Moline or (2) solely on its own behalf. With respect to the former, Hanover would be prosecuting an action to vindicate Moline's rights while at the same time refusing to name Moline as a co-party. With respect to the latter, Hanover would be attempting to recover for itself the non-subrogated damages actually suffered by Moline. However, in either context, the Court questions whether Hanover has

standing to seek these non-subrogated damages in the absence of an appropriate assignment.[1] *See Family & Children's Ctr, Inc. v. School City of Mishawaka*, 13 F.3d 1052, 1059 (7th Cir. 1994) ("there are several judicially self-imposed limits on the exercise of federal jurisdiction that may preclude a litigant's standing, including: the general prohibition on a litigant's raising another person's legal rights") (quoting *Allen v. Wright,* 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984).)

The district courts within this Circuit have relied on *Wadsworth v. United States Postal Service*, 511 F.2d 64, 67 (7th Cir. 1975) for the proposition that a non-diverse, partially subrogated real party in interest is subject to mandatory joinder under Rule 17 without consideration of Rule 19. The case of *In re The Chicago Flood* from the District Court for the Northern District of Illinois is indicative:

> Having determined that both American Alliance (as subrogee) and The Tucker Companies (as subrogor) are real parties in interest, the law in this circuit is clear that both should appear in the litigation in their own names; that is, The Tucker Companies must be joined as a party plaintiff. *Wadsworth*, 511 F.2d at 66–67; *Warner/Elektra*, 1989 WL 91773, at *2, 1989 U.S. Dist. Lexis 9504 at *6–7; *State Security*, 109 F.R.D. at 102; *Carpetland*, 107 F.R.D. at 359–60. The Seventh Circuit regards Fed. R. Civ. P. 17(a) as an independent authority for compulsory joinder, thus the prerequisites of Rule 19(a) need not be satisfied before joinder is appropriate under Rule 17(a). *Carpetland*, 107 F.R.D. at 360; *Warner/Elektra*, 1989 WL 91773 at *4, 1989 U.S. Dist. Lexis 9504 at *11–15; *State Security*, 109 F.R.D. at 103. And compulsory joinder is required even though such joinder will destroy diversity and lead to dismissal of American Alliance's complaint. *State Security*, 109 F.R.D. at 102; *see also*, *Warner/Elektra*, 1989 WL 91773 at *2–4, 1989 U.S. Dist. Lexis 9504 at *6–11; *cf. Bastian v. TPI Corp.*, 663 F. Supp. 474, 476 (N.D. Ill. 1987); *Carpetland*, 107 F.R.D. at 361.

1993 WL 116756, at *2. *See also Cars R Us*, 2009 WL 1703123, at *2; *Sikora v. AFD Indus, Inc.*, 18 F. Supp. 2d 841, 846 (N.D. Ill. 1998). The Court does not believe there is any basis for deviating from this longstanding interpretation of *Wadsworth* in the present context of a partially

---

[1] The Court raises the issue of standing here in recognition of its independent obligation to examine non-waivable jurisdictional issues *sua sponte*. *See Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005).

subrogated insurer that is seeking damages in excess of the subrogated amount.[2]  Indeed, even the *Nationwide* case cited by Hanover only discusses joinder under Rule 19 *after* the court concluded that the insured could not be joined as a real party in interest under Rule 17. *Nationwide*, 2005 WL 2076672, at *4-5.  Moline is a real party in interest based on Hanover's pursuit of damages beyond those to which it is subrogated and it should therefore be joined as a party to this action pursuant to Rule 17.

"Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."  *Krueger*, 996 F.2d at 931.  Moline, as a partially subrogated real party in interest, destroys the diversity-based subject matter jurisdiction of this Court as a compulsory party-plaintiff under Rule 17.  *See also Pepsico do Brasil, LTDA v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008) ("Although *total* subrogation (which is absent here) results in focusing solely on the subrogee's citizenship for diversity purposes, *partial* subrogation forces a look at both subrogee and subrogor-that is the teaching in [*Wadsworth*].") (emphasis in original).  Consequently, the Court is compelled to dismiss Hanover's Complaint for lack of subject matter jurisdiction.  *See In re The Chicago Flood*, 1993 WL 116756, at *2 (dismissing Complaint for lack of joinder of non-diverse real party in interest).

---

[2] The Court acknowledges that questions have been raised about the propriety of compulsory joinder of a partially subrogated insurer to a lawsuit filed by the insured under Rule 17, *see Bastian*, 663 F. Supp. at 475-476, and whether a partially subrogated insurer whose joinder is required under Rule 17(a) should nevertheless not be joined because of infeasibility under Rule 19(b), *see Carpetland*, 107 F.R.D. at 361.  Yet, in both cases the Court deemed joinder of the partially subrogated insurer appropriate under Rule 17.  Here, however, Brandt is asking for joinder of the *insured*, and the Court finds that the distinction in the legal rights held by Moline (whose rights to damages from Brandt are direct and legally recoverable in the full amount) and those held by Hanover (whose rights to damages from Brandt are indirect and legally recoverable only up to the subrogated amount) further warrant joinder of Moline pursuant to Rule 17.

At this time, however, the Court will not dismiss this case outright. Federal Rule of Civil Procedure 15(a)(2) provides the Court with authority to freely granting leave to amend a faulty pleading when justice so requires. Such leave is warranted here. Hanover may be able to plead facts sufficient to demonstrate that Moline actually intended the Subrogation and Release Receipt to be an assignment all of its rights, including the deductible, to Hanover. As described above, this conclusion appears inconsistent with the plain language of the agreement. Nevertheless, if Hanover is able to plead facts that support its interpretation of the Subrogation and Release Receipt, Hanover may be able to overcome that plain language. As such, the Court grants Hanover leave to file an amended Complaint that sets forth any additional facts regarding Moline's alleged intent regarding the scope of the Subrogation and Release Receipt.

### IV.     CONCLUSION

Based on the foregoing, Brandt's request for dismissal is GRANTED. Hanover is GRANTED leave to file an amended complaint by January 11, 2012 that remedies the jurisdictional deficiencies of its initial filing. If Hanover fails to file an amended complaint by January 11, 2012, the Court will dismiss Hanover's action without prejudice so that Hanover can re-file the action in a court with jurisdiction over the dispute. Hanover's request for a more definite statement is moot.

Entered this 21st day of December, 2011.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE