UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE CO., AS SUBROGEE OF MOLINE SCHOOL DISTRICT NO. 40, <br><br> Plaintiff, <br><br> v. <br><br> BRANDT CONSTRUCTION CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:11-cv-4050-SLD-JAG

<u>ORDER</u>

The Court's jurisdiction over Plaintiff Hanover Insurance Company's ("Hanover") First Amended Complaint is based on diversity pursuant to 28 U.S.C. § 1332. There is no dispute that the parties presently named on the First Amended Complaint are diverse because Hanover is a Massachusetts company and Defendant Brandt Construction Company ("Brandt") is an Illinois company. (First. Am. Compl. ("FAC"), ECF No. 15.) Presently before the Court is Brandt's second motion to dismiss and third overall motion asking the Court to join Moline School District No. 40 ("Moline) as a co-plaintiff to Hanover's lawsuit. (Brandt's Mot. to Dismiss Pl.'s First Am. Compl. ("Brandt's Mot."), ECF No. 17.) Since Moline's Illinois citizenship destroys diversity, Brandt again seeks dismissal of the lawsuit for lack of federal subject matter jurisdiction. (*Id.* ¶¶ 8-9.)

The case involves $371,317.77 of flood-related damage that occurred at Moline's Logan Elementary School in July 2007. Hanover alleges the flooding was directly and proximately caused by Brandt's negligence in allowing construction materials and debris to block storm drains and sewer lines at a construction site near the flood-damaged property. (FAC ¶¶ 5-12.) In

1

accordance with Moline's insurance policy, Hanover paid Moline $346,317,77, an amount equal to the total loss minus a $25,000 deductible. (*Id.* ¶¶ 15, 17.) Hanover's First Amended Complaint fixes the monetary damages sought at the amount of Moline's entire loss ($371,317.77), which includes Hanover's subrogation rights ($346,317.77) and the deductible ($25,000). (*Id.* at 5.)

In consideration for the $346,317.77 payment, Moline entered an agreement with Hanover entitled "Release and Subrogation Receipt." (*Id.* Ex. 1 at 3, ECF No. 15-1.) The portion of the Release and Subrogation Receipt relevant to the present motion involves the rights transferred from Moline to Hanover:

> In consideration of and to the extent of said payment the undersigned [Moline] hereby subrogates said Company [Hanover], to all of the rights, claims and interest which the undersigned may have had against any party, person, persons, property or corporation liable for the loss mentioned above [the flood-related damage], and authorizes the said Company to sue, compromise, or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them.

(*Id.*) Brandt's current motion hinges on what entity, Hanover or Moline, has the right to seek recovery of the $25,000 deductible under this clause of the Release and Subrogation Receipt agreement.

As discussed in the Court's Order on Brandt's first motion to dismiss, if Moline did not transfer its interest in the $25,000 deductible to Hanover, then Moline would be a diversity-destroying real party in interest subject to mandatory joinder pursuant to Federal Rule of Civil Procedure 17. *See Hanover Ins. Co. v. Brandt Constr. Co.*, No. 4-11-cv-5050-SLD-JAG, 2011 WL 6648232, at *2-5 (C.D. Ill. Dec. 21, 2011). Brandt presses joinder of Moline by arguing that Hanover's First Amended Complaint fails to demonstrate a complete transfer of Moline's right to recover the $25,000 deductible to Hanover by the Release and Subrogation Receipt

agreement. (*See* Brandt's Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s First Am. Compl. ("Brandt's Mem.") at 4, ECF No. 18.)  Brandt contends that if the $25,000 deductible is actually recovered by Hanover in this proceeding, "it will obviously be going to Moline School District No. 40 and, as a result, the school district's citizenship must be considered; when considered, diversity is destroyed." (*Id.*)

Hanover opposes Brandt's position by relying on an affidavit from Moline that was attached as an exhibit to the First Amended Complaint.  The affidavit sets forth Moline's understanding of the terms set forth in the Release and Subrogation Receipt. (Hanover's Resp. to Brandt's Mot. to Dismiss Pl's First Am. Compl. ("Hanover's Opp'n") at 4-5, ECF No. 19.) The affidavit states Moline's intentions regarding its transfer of rights to Hanover pursuant to the Release and Subrogation Receipt:

> 3. Through its execution of the Release & Subrogation Receipt, Moline School District No. 40 authorized the Hanover Insurance Company to proceed against any and all third parties responsible for the loss occurring at The Logan School on July 5, 2007 to the extent of the payment made by the Hanover Insurance Company under the aforementioned insurance policy ($346,317.77), as well as Moline School District No. 40's deductible under the aforementioned insurance policy ($25,000).
>
> 4. With respect to the Release and Subrogation Receipt, Moline School District No. 40 believed the phrase "to all rights, claims, and interest which the undersigned may have had against any party, person, persons [sic] property or corporation liable for the loss mentioned above," included and referred to Moline School District No. 40's $25,000 deductible under the aforementioned insurance policy and intended the Release & Subrogation Receipt to be an assignment of its rights to proceed against any and all third parties responsible for the loss occurring at the Logan School on July 5, 2007 to the extent of its deductible.

(FAC Ex. 1 at 1, ECF No. 15-1.)  Hanover contends that these statements, coupled with the express language of the Release and Subrogation Receipt agreement, demonstrates that Moline

intended to assign all of its rights to the deductible to Hanover and, consequently, that Moline is not a real party in interest to the lawsuit.[1]

In response to Brandt's first motion, the Court dismissed the original Complaint and granted Hanover leave to file the now contested First Amended Complaint. *See Hanover*, 2011 WL 6648232, at *5. The dismissal was premised on the Court's interpretation of the plain language of the Release and Subrogation Receipt, which the Court concluded was insufficiently clear on its face to demonstrate Moline's intent to assign the rights to the $25,000 deductible to Hanover. As the Court stated, "contractual assignments are interpreted based on the intention of the parties, [but] Hanover has not provided any evidence that indicates Moline intended the Release and Subrogation Receipt to go beyond its plain language and include the deductible." *Id.* However, the Court further recognized that "Hanover may be able to plead facts sufficient to demonstrate that Moline actually intended the Release and Subrogation Receipt to be an assignment of all its rights, including the deductible, to Hanover."[2] *Id.*

While Brandt's present position regarding the deductible remains essentially unchanged from its prior motion to dismiss—that Moline retains rights to the deductible—the relevant allegations and facts have changed substantially. Now, Hanover's First Amended Complaint includes Moline's affidavit regarding the transfer of rights. (FAC Ex. 1, ECF No. 15.) The affidavit expressly states that the Release and Subrogation Receipt was intended to be "an assignment of [Moline's] right to proceed against any and all third parties" responsible for the

---

[1] The Court's resolution of the present motion is based solely on the dispute concerning the transfer of rights under the Release and Subrogation Receipt. The Court does not (and need not) address the additional arguments raised by Hanover's opposition.

[2] The Court provided Hanover the opportunity to amend its Complaint in recognition that the language of the Release and Subrogation Receipt was susceptible to the interpretation previously advanced by Hanover. Specifically, that both Moline and Hanover intended the language of the Release and Subrogation Receipt to include a complete assignment of the deductible to Hanover.

flood-related loss, and intended such assignment to include the $25,000 deductible. (*Id.* Ex. 1 at ¶ 4.) Accordingly, the affidavit supports the assertion that Moline assigned its "right of recovery" to the deductible to Hanover via the Release and Subrogation Receipt. (*Id.* at ¶ 17.) It

Brandt relies on a hyper-technical reading of the affidavit to argue that it is not a complete assignment of the deductible to Hanover. (Brandt's Mem. at 4, ECF No. 18.) Brandt argues that the affidavit demonstrates only an assignment of "the right to proceed" with litigation attempting to recover the deductible, and is otherwise "glaringly silent on what happens if the $25,000 deductible is recovered." (*Id.*) The Court disagrees. Hanover states in its opposition that "to the extent Hanover recovers the deductible in this action, Moline released Hanover of any obligation to transfer such recovery to Moline." (Hanover's Opp'n at 3, ECF No. 19.) Based on this contention, which Hanover made pursuant to Federal Rule of Civil Procedure 11, and Moline's affidavit, the Court finds that the distinction Brandt makes between a "right to recover" and the "assignment of [Moline's] right to proceed" is not consistent with the intent of Moline and Hanover when they entered the Release and Subrogation Receipt agreement. Rather, the Court concludes that Moline and Hanover intended for the Release and Subrogation Receipt to be a complete assignment to Hanover of the right to proceed and recover deductible. *See Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1033 (7th Cir. 2012) ("the objective in interpreting a contract is to ascertain and give effect to the intent of the parties") (citation omitted).

Based on the foregoing, the Court concludes that the facts presently before the Court demonstrate that the Release and Subrogation Receipt assigned the $25,000 deductible from Moline to Hanover. Since Moline has no interest in any recovery that Hanover is able to obtain in this proceeding, it is not a real party in interest to the lawsuit, need not be joined, and does not

5

destroy diversity. Brandt's motion is therefore DENIED. Brandt is ORDERED to file an answer to the First Amended Complaint by March 14, 2012.

Entered this 29th day of February, 2012.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
